# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| LIBERTY MUTUAL INSURANCE COMPANY, <br><br> LIBERTY MUTUAL FIRE INSURANCE, <br><br> Plaintiffs, <br><br> v. <br><br> NEWELL WHITNEY, <br><br> Defendant. | MEMORANDUM DECISION <br><br> Case No. 2:13-cv-00318-DBP <br><br> Magistrate Judge Dustin B. Pead |

I.  INTRODUCTION

The parties consented to this Court's jurisdiction under 28 U.S.C. § 636(c).  (Docket No. 11.) Plaintiffs are insurance companies Liberty Mutual Insurance Company and Liberty Mutual Fire Insurance.  Pro se Defendant is Newell Whitney.  Defendant had a homeowners insurance policy and a personal catastrophe liability insurance policy ("excess policy") with Plaintiffs.

On May 7, 2013, Plaintiffs filed a complaint asking this Court to declare that they have no duty to defend or indemnify Defendant in a Louisiana state action brought against Defendant because Plaintiffs' insurance policies expressly precluded coverage for Defendant's alleged actions in that litigation.  (Dkt. No. 2.)  On April 10, 2014, Plaintiffs filed a summary judgment motion seeking the same relief.  (Dkt. No. 18.)  Defendant never responded to the motion and the

time to do so has expired.  *See* DUCivR 7-1(b)(3)(A) (requiring that parties respond to summary judgment motion within twenty-eight days after service of the motion).  For the reasons set forth in Plaintiffs' motion and further discussed below, the Court **GRANTS** Plaintiffs' motion.

II. STANDARD OF REVIEW FOR SUMMARY JUDGMENT

A "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  "A party asserting that a fact cannot be . . . genuinely disputed must support the assertion by" citing to materials such as documents, interrogatory answers, depositions, and affidavits. *Id.* 56(c)(1)(A).

III. PLAINTIFFS' SUMMARY JUDGMENT MOTION

Plaintiffs seek summary judgment declaring that they have no duty to defend or indemnify Defendant in the litigation captioned "*David W. Kersey II, et al. v. Bohn Holdings, LLC, et al.* (19th Judicial District, Parish of East Baton Rouge, Louisiana, No. 584831 Section 22) . . . ." (Dkt. No. 18 at 2.)  Plaintiffs seek such a declaration because "Defendant's alleged actions are expressly precluded from coverage under the Exclusions specified in" Plaintiffs' insurance policies.  (*Id.*)  The Court will refer to the Louisiana state action as the "underlying action."

A.  Undisputed Facts

Defendant had a homeowners policy with Plaintiff Liberty Mutual Fire Insurance Company from December 15, 2007 to December 15, 2008.  (Dkt. No. 18-1, Ex. A.)  Defendant also had an excess policy with Plaintiff Liberty Mutual Insurance Company for the same time-period.  (*Id.*, Ex. B.)

The homeowners policy excluded coverage for lawsuits filed against the insured for bodily injury damages arising from or connected to the insured's business. (*Id.*, Ex. A.) The policy defined business as a trade, profession, or occupation. (*Id.*)

Similarly, the excess policy excluded coverage for personal injury liability arising out of business pursuits. (Dkt. No. 18-1, Ex. B.) The policy defined business pursuits as any activities of a business, trade, occupation, or profession. (*Id.*)

On November 20, 2012, petitioners in the underlying action filed a third supplemental petition for wrongful death. (Dkt. No. 18-1, Ex. C.) They added Defendant and NC Whitney, Ltd., a limited partnership in which Defendant was a general partner, as defendants in that action. Petitioners alleged causes of action jointly against Defendant and NC Whitney, Ltd. For purposes of this decision, the Court will refer to the allegations as brought against Defendant.

The following allegations come from that supplemental petition. On February 3, 2006, Defendant fronted purchase money to Truck City in Baton Rouge, Louisiana. Truck City then used this money to purchase a salvaged vehicle ("the subject vehicle") from College Auto Sales of Florida. Truck City then sold the vehicle and provided 75% of the sales profits to Defendant. In his discovery responses in the present litigation, Defendant admitted to this arrangement. (Dkt. No. 18-1, Exs. D-E.)

The third supplemental petition alleges that Defendant personally used the subject vehicle and that during this use the vehicle displayed flood damage symptoms via compromised electrical components. The vehicle displayed further problems with its fuel tank and hose wherein the fuel came back out of the fuel system. Defendant requested repair work for the flood damage problems but failed to ensure that the repairs were properly done.

Defendant never disclosed the flood damage, fuel problems, or repairs to petitioner Joseph Kersey – who purchased the subject vehicle. On December 7, 2008, David W. Kersey I was driving the subject vehicle when, due to the flood damage and improper repairs, the vehicle burst into flames, killing the driver trapped inside.

### B.  Insurance Policies Exclude Coverage

The undisputed facts show that Defendant's homeowners policy and excess policy excluded coverage for lawsuits regarding bodily injury and personal injury where such lawsuits arose from Defendant's business pursuits. (Dkt. No. 18 at 22-27.)

The undisputed facts further show that Defendant "was engaged in a business enterprise with Truck City concerning the" the subject vehicle. (*Id.* at 22.) Indeed, the causes of action in the supplemental petition all relate to Defendant's involvement in the sale of the subject vehicle. (*Id.* at 23-25; 18-1, Ex. C.)

Given these circumstances, this Court **GRANTS** Plaintiffs' summary judgment motion. All the claims against Defendant in the underlying action are excluded from Plaintiffs' insurance coverage because the claims "are all inextricably related to" Defendant's "involvement in the business of buying salvaged vehicles for resale with an expectation of profits therefrom." (Dkt. No. 18 at 25.)

### IV.  ORDERS

For the reasons analyzed above, this Court **GRANTS** Plaintiffs' motion for summary judgment. (Dkt. No. 18.)

The Court **DECLARES** that Plaintiffs have no duty to defend or indemnify Defendant in the litigation captioned *David W. Kersey II, et al. v. Bohn Holdings, LLC, et al.* (19th Judicial District, Parish of East Baton Rouge, Louisiana, No. 584831 Section 22) originally filed on

November 23, 2009 because Defendant's alleged actions in this underlying action are expressly precluded from coverage under the exclusions specified in Plaintiffs' insurance policies.

Dated this 9th day of October, 2014.

By the Court:

_____
Dustin B. Pead
United States Magistrate Judge